## ARTHUR HAZZARD v. GEORGE WALTON.

Court of Common Pleas. Sussex. April 30, 1799.

*Wilson's Red Book, 234.*

*Peery* and *Ridgely* for plaintiff. *Wilson* for defendant.

Plaintiff claimed under a prior sale from same first owner and offered among others a receipt for £3.15.0 dated since action brought.

*Wilson* objected that such receipt was not admissible. Every plaintiff should have at commencement of his suit a complete cause of action. He is not allowed to make evidence for his suit after he has brought it; in such event a defendant might be made to pay costs, who was not answerable when the writ was brought. If defendant is to be considered as plaintiff in this action and under this issue and plaintiff as on the defensive, yet the defense of a defendant, with a very few exceptions, should relate to the commencement of the action and not to the time of plea pleaded, as in *Evans v. Prosser,* cited in the notes to Doug. 113 and in *ibid.* 112 in the text. Matter of defense after action, when allowable, must be pleaded specially, but in this case the issue is on plaintiff's title and is general, and the evidence not proper to be pleaded, and plaintiff ought not to avail himself of it.

*Ridgely.* This payment is independent of the cause of action, but it is in corroboration, and therefore could not be pleaded. In the case in Douglas the certificate was a full and complete bar and discharge. What persons have been heard to say since action brought is good evidence. Declarations are allowed to do away [with] the Statute of Limitations, though made after the commencement of the suit; therefore it is not a general rule that the evidence should originate before the action.

BOOTH, C. J. A majority of the Court are of opinion that the paper is not to be given in evidence.

Verdict for plaintiff.